UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NEWREZ LLC, et al.,**

    *Plaintiffs*,

**v.**                                  **Case No. 5:25-CV-1072-JKP**

**GREGORY LEE, et al.,**

    *Defendants*.[1]

### ORDER DENYING TEMPORARY RESTRAINING ORDER
### AND ORDER TO SHOW CAUSE

The Court has under consideration an Emergency Petition for Dismissal of Foreclosure and Eviction Proceedings and for Temporary Restraining Order (ECF No. 2) filed by the pro se defendants in this case. The Court, having fully considered the notice of removal, motion for temporary restraining order, and all relevant matters of record, hereby **DENIES** the motion.

As a preliminary matter, the Court must first consider whether it has subject-matter jurisdiction over this case. Defendants Gregory Lee and Shiho Lee removed Cause No. C2025-0636E from the 466th District Court of Comal, County. *See* ECF No. 1. On June 27, 2025, in that state case, Plaintiff Newrez LLC sought to foreclose on property of Defendants by filing an Application for an Expedited Order Under Rule 736 on a Home Equity Loan. *See* ECF No. 1-4 (Ex. AA, Vol. 1) at 87. On August 4, 2025, Defendants filed a Constitutional Emergency Petition to Dismiss for Fatal Procedural Defects in Rule 736 Application, Defective Service of Process, and Lack of Subject Matter Jurisdiction. *See id*. at 18–31. On August 18, 2025, Defendants filed a Verified Response and Verified Counterclaim alleging various violations of federal law. *See id*. at 64–66.

---

[1] Although parties are identified as petitioners and respondents in state court, such parties are properly identified as plaintiffs and defendants in federal court.

Invoking 28 U.S.C. §§ 1441, 1443, and 1446, this filing also included a notice of removal to federal court based on Defendant's counterclaim containing federal violations providing original jurisdiction under 28 U.S.C. §§ 1331 and 1343. *See id*. at 66. That state filing is not the same as the notice of removal that commenced this federal action.

The initial filing in this federal case includes a verified counterclaim, a notice of removal, a statement of constitutional emergency, and a petition for relief. *See* ECF No. 1 at 1–14. Defendants therein identify several petitioners/counter-defendants beyond Newrez LLC. *See id*. at 1. At no point in this filing do Defendants assert the jurisdictional basis for removal. *See id*. at 1–14. In the filed emergency motion, Defendants assert that the removal of the state action divested the state court of jurisdiction under 28 U.S.C. § 1446(d), and that "jurisdiction over the foreclosure matter vested exclusively in this Court." ECF No. 2 ¶ 3.

The Court has an "independent obligation to assess [its] jurisdiction before exercising the judicial power of the United States." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d

848, 850 (5th Cir. 1999). The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the

federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua*

*sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking."

*Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Rule 12(h)(3) provides in

full: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action." In the context of a removed case, 28 U.S.C. § 1447(c) states: "If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded." In fact, when a jurisdictional issue is presented, "the *only* issue the court may

consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp.,*

*Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (addressing the presence of a nondiverse party).

The status of the state action is unclear based on the filings in this case. A preliminary

consideration is "whether this Court may exercise subject-matter jurisdiction to grant the requested

relief in accordance with the Anti-Injunction Act and the *Rooker-Feldman* doctrine." *Omoloh v.*

*Bank of Am., N.A.*, No. 4:17-CV-00160-O-BP, 2017 WL 2616006, at *4 (N.D. Tex. May 16, 2017)

(recommendation of Mag. J. citing *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009))

*accepted by* 2017 WL 2599194 (N.D. Tex. June 15, 2017). "The Anti-Injunction Act generally

prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of La. at*

*Monroe*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283). And, when the practical

effect of the relief sought would enjoin the defendants "from enforcing a valid extant judgment of

a Texas court," the federal courts are denied jurisdiction to grant that relief by the Anti-Injunction

Act." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x. 414, 416 (5th Cir. 2013) (per curiam).

Similarly, "the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power

to modify or reverse state court judgments" without express congressional authorization. *Union*

*Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted).

Those potential jurisdictional matters aside, Defendants have simply stated no jurisdictional basis for removing this case to federal court. The removal in this case does not appear to be based on any federal claim within the state petition or on the basis of diversity jurisdiction. At no point do Defendants invoke such jurisdictional bases. But they do attach a document that suggests that they believe jurisdiction is provided by their federal counterclaims. That, however, does not comport with Supreme Court precedent.

The Supreme "Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) (citing *Mexican Nat'l R. Co. v. Davidson*, 157 U. S. 201, 208 (1895); *Tennessee v. Union & Planters' Bank*, 152 U. S. 454, 461 (1894)). Accordingly, the district courts "evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id*.

Section 1441(a) of Title 28 of the United States Code does not permit removal of a state action "based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id*. at 442. Reliance on § 1441(c) likewise does not help because the same analysis applied to § 1441(a) in *Home Depot* applies in the context of § 1441(c). *See Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1038 (11th Cir. 2020) (recognizing that *Home Depot* has the effect of abrogating binding Fifth Circuit precedent, *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980)). Nor have Defendants shown that

4

removal under § 1443 is proper. *See Akhlaghi v. Berry*, 294 F. Supp. 2d 1238, 1241–45 (D. Kan. 2003) (discussing requirements under § 1443). In short, "the federal claim or right that provides the predicate for removal cannot appear for the first time in the Defendant's answer or as a counterclaim." *Guthrie v. Finnegans Wake Irish Pubs, LLC*, No. 3:09-CV-39-MCR-EMT, 2009 WL 997066, at *6 (N.D. Fla. Apr. 14, 2009) (recommendation of Mag. J.) *adopted by* 2009 WL 1605422 (N.D. Fla. June 4, 2009).

From the matters submitted in this case, the state action appears to be a foreclosure action under Texas law. Defendants' counterclaim does not affect the jurisdiction of this Court and Defendants assert no basis for federal jurisdiction. While diversity jurisdiction might exist, Defendants neither invoke it as a jurisdictional basis nor provide sufficient facts to establish such jurisdiction. Of course, if jurisdiction is premised solely on the diversity of the parties, the forum-defendant rule (28 U.S.C. § 1441(b)(2)) comes into play and provides a procedural basis for remand, subject to waiver. *See H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F. Supp. 2d 770, 773, 778 (W.D. Tex. 2009).

As the party seeking the federal forum, Defendants have the burden to show that removal jurisdiction exists. Because they have not carried that burden the Court **DENIES** the Emergency Petition for Dismissal of Foreclosure and Eviction Proceedings and for Temporary Restraining Order (ECF No. 2) without prejudice to refiling after Defendants make a proper showing of federal jurisdiction. When a district court lacks subject matter jurisdiction, the party moving for temporary restraining order or preliminary injunction cannot show a substantial likelihood of success on the merits and the court properly denies a motion for temporary restraining order or for preliminary injunction. *Singh v. Wolf*, No. 20-CV-0539, 2020 WL 3424850, at *2 (W.D. La. May 13, 2020) (recommendation of Mag. J.) *accepted by* 2020 WL 3421932 (W.D. La. June 22, 2020).

Given the above jurisdictional analysis, the Court **DIRECTS** Defendants to show cause in writing **on or before October 6, 2025,** why the Court should not remand this case to state court upon a finding that this Court lacks jurisdiction.

**IT IS SO ORDERED this 4th day of September 2025.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**