UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NEWREZ LLC, et al.,**

   *Plaintiffs*,

v.                                                Case No. 5:25-CV-1072-JKP

**GREGORY LEE, et al.,**

   *Defendants*.[1]

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions: (1) a Motion to Remand (ECF No. 10) filed by Plaintiff Newrez, LLC ("Newrez") and (2) a Petition to Dismiss for Lack of Standing and Fraud upon the Court (ECF No. 13) filed by Defendants Gregory Lee and Shiho Lee (collectively "Defendants"), which has been docketed as a Motion to Dismiss. Neither side has filed a response to the respective motions, but Defendants have filed a response to the Order to Show Cause (ECF No. 7) that the Court issued on September 4, 2025.

In its prior order, the Court expressed concerns about subject matter jurisdiction. *See* ECF No. 7. As recited in that order, Plaintiff sought to foreclose on property of Defendants, prompting Defendants to file an emergency petition to dismiss, followed by a Verified Response and Verified Counterclaim alleging various violations of federal law. *See* ECF No. 1-4 at 18–31, 64–66. Invoking 28 U.S.C. §§ 1441, 1443, and 1446, the latter filing also included a notice of removal to federal court based on the counterclaim containing federal violations providing original jurisdiction under 28 U.S.C. §§ 1331 and 1343. That state filing differs from the notice of removal that commenced this federal action.

The initial filing in this federal case includes a verified counterclaim, a notice of removal,

---

[1] Although parties are identified as petitioners and respondents in state court, such parties are properly identified as plaintiffs and defendants in federal court.

a statement of constitutional emergency, and a petition for relief. *See* ECF No. 1 at 1–14. Defendants therein identify several petitioners/counter-defendants beyond Newrez. *See id*. at 1. At no point in this filing do Defendants assert the jurisdictional basis for removal. *See id*. at 1–14. In the filed emergency motion, Defendants assert that the removal of the state action divested the state court of jurisdiction under 28 U.S.C. § 1446(d), and that "jurisdiction over the foreclosure matter vested exclusively in this Court." ECF No. 2 ¶ 3.

In the context of a removed case, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In fact, when a jurisdictional issue is presented, "the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (addressing the presence of a nondiverse party). Given the initial filing in this case, the Court conducted its independent obligation to assess its jurisdiction, expressed its jurisdictional concerns, and ordered Defendants to show cause why the Court should not remand this case to state court for lack of subject matter jurisdiction.

Designating themselves as Plaintiffs, Defendants thereafter filed an amended petition verified counterclaim. *See* ECF No. 8. That filing does not address the Court's concerns as stated in its Order to Show Cause. Plaintiff Newrez then moved to remand for lack of subject matter jurisdiction. It confirms that the underlying state action is for foreclosure of property under Rule 736 of the Texas Rules of Civil Procedure. It argues that Defendants have not carried their burden to show that jurisdiction is proper in this case. It correctly argues that there is no federal question jurisdiction based upon its state foreclosure action. It further argues that actions under Rule 736 do not permit counterclaims, and even if Defendants raised counterclaims properly, counterclaims provide no basis for removal. Additionally, with respect to diversity jurisdiction, it argues that Defendants, as citizens of Texas, cannot remove the case on the basis of diversity.

Defendants have not timely responded to the motion for remand. But they have timely filed a response to the Order to Show Cause outside the time for responding to the motion. Within that response they object to remand, address the motion to remand, and renew their petition for settlement conference and for temporary restraining order.

Defendants affirmatively rely on 28 U.S.C. § 1443(1) for the removal of this case. They contend that Rule 736 proceedings deprive them of due process and denies them federally secured rights to assert counterclaims, conduct discovery, confront adverse witnesses, compel the production of evidence, and invoke the Seventh Amendment's right to trial by jury. They also assert violations of the First, Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments respectively for redress of grievances, unreasonable seizure, due process, trial by jury, and retained rights of the people. In their objection to remand portion of their response, they contend that § 1443(1) "permits any person to remove a state proceeding to federal court where they are 'denied or cannot enforce in the courts of such State a right under any law providing for . . . equal civil rights.'" They contend that the Civil Rights Act of 1866 is such a law, codified in history to protect access to federal rights when state courts become tools of suppression and that Rule 736, as applied against them, strips them of their right to due process, discovery, presentation of counterclaims, confrontation of accusers, and their trial by jury rights.

Because Defendants cannot remove this case on the basis of diversity jurisdiction or use a federal counterclaim to satisfy the original jurisdiction requirement for removal, jurisdiction over this case depends upon 28 U.S.C. § 1443(1) as Defendants argue.

While § 1443(1) may provide a basis for removal at times and thus satisfy subject matter jurisdiction concerns, the circumstances of this case make it inapplicable. "Section 1443 provides for federal removal jurisdiction when a defendant otherwise lacks an enforcement remedy to protect his or her federal civil rights related to racial equality" as set out in two subsections. *Tuter v.*

3

*Tuter*, No. 4:25-CV-00075-ALM-AGD, 2025 WL 2600011, at *4 (E.D. Tex. Aug. 21, 2025) (recommendation of Mag. J.) *adopted by* 2025 WL 2601545 (E.D. Tex. Sept. 8, 2025). Defendants only invoke the first subsection. The second subsection, moreover, confers no privilege of removal on Defendants because it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966).

Removal under § 1443(1) requires two things: (1) "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality'" and (2) it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 803 (1966)). Courts have consistently construed this provision "narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within [the provision]" *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). Claims that state proceedings "will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219.

Defendants have "the burden of establishing [their] right to removal." *State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). But they provide no basis to conclude that they have been denied any right in terms of racial equality. It does not suffice to "merely complain[] in a conclusory way of deprivations of certain . . . non-race-related civil rights, including freedom of speech, freedom of association, and due process of law." *Id*. That a party seeking removal "will be denied due process of law" because the law applied against him or her "is allegedly vague or that the [civil action] is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Johnson*, 421 U.S. at 219. Absent an

4

allegation by Defendants that they were "denied or unable to enforce rights under any law providing for equal civil rights stated in terms of racial equality," § 1443(1) does not apply and does not permit removal. *Kruebbe v. Beevers*, 692 F. App'x 173, 175–76 (5th Cir. 2017) (per curiam).

For these reasons § 1443 is inapplicable. And when that is the case, "the Court lacks subject matter jurisdiction to adjudicate" the matters sought to be removed through § 1443. *Portfolio Recovery Assocs., LLC v. Dassero*, No. EP-19-CV-231-KC, 2020 WL 13430491, at *1 (W.D. Tex. Jan. 2, 2020). Because this court lacks "original jurisdiction over this case, a finding that removal was improper deprives th[e] court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)." *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (internal citation omitted) (addressing removal under § 1442) *superseded by statute on other grounds as stated in Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 834 n.3 (7th Cir. 2025); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir. 1991) (addressing removal under § 1441(b) in conjunction with the "saving to suitors" clause of 28 U.S.C. § 1333(1)); *Akhlaghi v. Berry*, 294 F. Supp. 2d 1238, 1241 (D. Kan. 2003) (addressing removal under § 1443).

For the foregoing reasons, the Court **GRANTS** the Motion to Remand (ECF No. 10) and **MOOTS** the Motion to Dismiss (ECF No. 13), as well as any other motions or petitions seeking relief in this Court. By separate order, the Court will remand this case to the 466th Judicial District Court of Comal County, Texas, Cause No. C2025-0636E.

**SIGNED this 22nd day of October 2025.**

*[signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**