UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NEWREZ LLC, et al.,**

   *Plaintiffs*,

v.                                                                                  Case No. 5:25-CV-1072-JKP

**GREGORY LEE, et al.,**

   *Defendants*.

### ORDER DENYING RECUSAL

Before the Court is a Petition for Judicial Recusal (ECF No. 22) filed by Defendants, who continue to improperly identify themselves as Plaintiffs in this action. They seek recusal of the undersigned due to adverse rulings in this now closed case. Relying on 28 U.S.C. § 455(a) and (b)(1), they contend that the undersigned is not impartial and has a personal bias or prejudice against them as reflected in the handling of this case.

Section 455(a) of Title 28 of the United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) requires disqualification when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In the recusal context, "the reasonable person standard . . . context contemplates a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (cleaned up).

Further, under § 455, "the alleged bias must be personal, as distinguished from judicial, in nature." *Phillips v. Joint Legis. Comm. on Performance & Expenditure Rev. of State of Miss.*, 637 F.2d 1014, 1020 (5th Cir. Unit A Feb. 1981). The alleged "bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id.* (cleaned up). Accordingly, "a motion for disqualification

ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." *Id*.

Adverse rulings by a judge, even if later reversed or vacated on appeal, do not of themselves constitute grounds for recusal. *Garcia v. Woman's Hosp. of Tex.*, 143 F.3d 227, 230 (5th Cir. 1998). "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Second, "only in the rarest of circumstances" can judicial rulings "evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id*. Such rare circumstances only exist when judicial remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*.

Because circumstances required for recusal are not present in this case, the Court **DENIES** the motion for recusal (ECF No. 22). To the extent Defendants seek to file a judicial complaint against the undersigned under 28 U.S.C. § 351, the undersigned takes no action on such complaint.

**IT IS SO ORDERED this 4th day of November 2025.**

*[signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**