UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NEWREZ LLC, et al.,**

    *Plaintiffs*,

v.                                                              Case No. 5:25-CV-1072-JKP

**GREGORY LEE, et al.,**

    *Defendants*.

## ORDER DENYING MOTIONS

Before the Court are several filings (ECF Nos. 26 and 28 through 40) by the pro se Defendants in this case. The Court has granted a motion to remand and ordered this case remanded to state court. *See* ECF Nos. 15 and 16. It has denied a motion for reconsideration, which the Court considered under Fed. R. Civ. P. 59(e). *See* ECF No. 21. The Court has also denied a motion for recusal and a motion to correct party designation. *See* ECF Nos. 23 and 25. This case is closed. While Defendants clearly disagree with the remand of this case and have chosen to inundate the Court with numerous filings to restate their disagreement, they have not sought to appeal any order of this Court.

Motions seeking to alter, amend, or vacate a judgment, or in this instance an order of remand, filed within twenty-eight days of the order of remand fall under the purview of Fed. R. Civ. P. 59(e). Thus, all such motions filed on or before November 19, 2025, are governed by Rule 59(e), whereas all such motions filed after that date fall under the purview of Rule 60(b).

As already explained in this case, Defendants do not satisfy the requirements for obtaining relief under Rule 59(e). Stated succinctly, Rule 59(e) relief is appropriate when: (1) "there has been an intervening change in the controlling law"; (2) the movant has presented newly discovered evidence that was previously unavailable; or (3) the movant has clearly established a need to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir.

2003). A Rule 59(e) "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rule 59(e) serves a narrow purpose and "is an extraordinary remedy that should be used sparingly." *Id*. It is blackletter law that "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). These rules of constraint regarding Rule 59(e) motions are necessary when courts are asked to reconsider their final judgments or orders that equate to a final judgment. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005). "Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Id*. (citation omitted).

This Court finds no basis to address Defendants' serial motions to reconsider under Rule 59(e). The Supreme Court has recognized that "a Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a . . . court's attention, before taking a single appeal." *Banister v. Davis*, 590 U.S. 504, 521 (2020). The Court has already addressed why that rule provides no basis for relief for Defendants. It thus summarily denies all motions seeking relief from the order of remand to the extent they fall under Rule 59(e).

Defendants also invoke Rule 60(b) in several filings. Rule 60(b) enumerates six reasons for providing relief "from a final judgment, order or proceeding":

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Courts afford relief under Rule 60(b) only in unique circumstances. *Edwin H. Bohlin Co. v.*

*Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citation and internal quotation marks omitted). And, as to "clause (6), the movant must show the initial judgment to have been manifestly unjust." *Id*. (same). This latter clause "is a residual or catch-all provision to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances." *Id*.

As recognized by the Fifth Circuit, "the first five clauses of Rule 60(b) and the sixth are mutually exclusive." *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002). Rule 60(b)(6) is "meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Id*. at 216. Courts grant relief under clause (6) "only if extraordinary circumstances are present." *Id*. (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). "Rule 60(b)(6) motions are not substitutes for timely appeals." *Id*.

Defendants specifically invoke Rules 60(b)(1), (3), (4), and (6). Their reliance on Rule 60(b)(1) relates to a purported failure of the Court to acknowledge or dispose of certain filings in this case before remanding the matter to state court. But such reliance is insufficient to obtain relief under Rule 60(b)(1). Defendants contend that the documents they identify have a direct bearing on jurisdiction, standing, and the legal status of the lien. Those matters all relate to state court proceedings and provide no basis for relief from the order remanding this case to state court. Their reliance on Rule 60(b)(3) also suffers from the same deficiency—any alleged fraud, misrepresentation, or misconduct relates to the state court proceedings and has no impact on this Court's decision to remand this foreclosure case to state court.

Similarly, Defendants have not shown that the order of remand is void, so as to obtain relief from that order under Rule 60(b)(4). Their arguments about standing relate to whether the Plaintiff had standing to bring the state court action. They also complain that the Court did not issue findings of facts and conclusions of law as required by Fed. R. Civ. P. 52(a)(1), and thus the remand order is void. But Rule 52(a)(1) applies in actions "tried on the facts without a jury or with an advisory

3

jury." The rule falls under the broad heading of "Trials," and imposes no requirement for findings of fact and conclusions of law outside of that context. The Court, moreover, stated the facts relevant to its legal conclusions that (1) Defendants failed to carry their burden to establish their right to removal or (2) that this Court lacks jurisdiction over the matters sought to be removed.

Lastly, Defendants' reliance on Rule 60(b)(6) does not entitle them to relief from the remand order. They have not shown the presence of extraordinary circumstances that warrant relief from the remand order. Their various filings repeat arguments that this Court has rejected through its order of remand, its denial of reconsideration under Rule 59(e), or both. To the extent Defendants raise any new arguments, they fail to show grounds for considering them now under Rule 60(b).

For all these reasons, Defendants have shown no basis for relief under Rule 60(b). Accordingly, the Court **DENIES** all pending motions whether Defendants seek relief under Rule 59(e) or 60(b). To the extent a pending motion seeks relief outside of Rule 59(e) or 60(b), the Court finds no basis for court action in this case already remanded to state court and thus **DENIES** them. **The Clerk of Court shall note that ECF Nos. 28, 29, 33, 34, and 35 are thus denied.**

The pro se Defendants are clearly abusing the litigation system given the proliferation of redundant filings in this closed case. **Considering the clear abuse in this case, the Court hereby ORDERS that, unless otherwise directed through court order, the Clerk of Court will continue to docket future filings in this case as normal, but the Court will take no independent action on any motion unrelated to a filed notice of appeal (titled as such)**. *See Carr v. Arnold*, No. 2:25-CV-00266-LK, 2025 WL 2510976, at *2 (W.D. Wash. Sept. 2, 2025) (imposing a similar sanction for filing several meritless post-judgment motions for relief from judgment). **Any motion unrelated to a properly filed notice of appeal will be summarily denied by virtue of this order and so indicated on the docket by the Clerk of Court**. While this "Court has considerable

patience . . . it does not have the resources to repeatedly address serial frivolous requests for Rule 60(b) relief by a vexatious litigant where the only possible remaining procedural remedy at this point, on any arguendo potentially viable ground, would be in the Court of Appeals." *Bacon v. Skolinik*, No. 2:07-CV-00821-KJD-RJ, 2014 WL 1295046, at *3 n.4 (D. Nev. Mar. 31, 2014).

In addition, the Court expressly **WARNS** the pro se Defendants that future abuse of the litigation process in this case or any other federal case may result in the imposition of more severe sanctions, up to and including a monetary sanction payable to the Court for each improper filing and/or a pre-filing injunction that limits their ability to make additional filings in this case or any case within the Western District of Texas.

**IT IS SO ORDERED this 2nd day of December 2025.**

*[signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**